IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANKLIN L. HUSSEY,

        Petitioner,

v.

SHARON BLACKETTER, Superintendent,
Eastern Oregon Correctional Institution,

        Respondent.

Civil No. 06-387-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge:

        Petitioner Franklin L. Hussey brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In his amended petition for habeas corpus relief (#30), petitioner raises a claim for relief implicating the Sixth Amendment right to effective assistance of counsel, and a claim alleging he is actually innocent. For the reasons advanced below, the Court concludes that petitioner does not excuse the untimely filing of his habeas corpus petition, and recommends that petitioner's case be dismissed.

## I. BACKGROUND

        Petitioner entered a plea in Linn County Circuit Court, Case No. 02102512, and was

Report and Recommendation - 1

convicted of Sexual Abuse in the First Degree. Petitioner was sentenced to seventy-five months in prison. (Ex. 101.)

Petitioner did not file a direct appeal. He filed a petition for post-conviction relief in Umatilla County Circuit Court, Case No. CV031676, but the post-conviction court denied relief. (Ex. 105-11.) Petitioner appealed the denial of post-conviction relief to the Oregon Court of Appeals, but the Court of Appeals granted summary affirmance, and the Oregon Supreme Court denied review. (Exs. 112-17.)

## II. DISCUSSION

The provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), applicable to this case, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The AEDPA also provides that this limitations period is tolled during the time that a state prisoner seeks post-conviction relief in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1005-06 (9th Cir. 1999).

In this case, petitioner concedes that the filing of his federal habeas corpus petition on March 20, 2006, exceeded the one-year statute of limitations. He argues that his delay should be excused, however, under the doctrine of equitable tolling.

As noted by respondent, the Supreme Court has not decided whether the AEDPA's statute of limitations is subject to equitable tolling. Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005). However, respondent addresses the issue, assuming that the doctrine applies in this case.

To be entitled to equitable tolling, a petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

Report and Recommendation - 2

Pace, 544 U.S. at 418; Lawrence, 127 S. Ct. at 1085; Bryant v. Ariz. Attorney Gen., 499 F.3d 1056, 1061 (9th Cir. 2007). The Ninth Circuit has stated that the threshold necessary to trigger equitable tolling under the AEDPA is "'very high, lest the exceptions swallow the rule,'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), and that equitable tolling is "'unavailable in most cases,'" Id. (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Petitioner argues that his petition should be deemed timely filed because he was confined in disciplinary segregation for 120 days, from January 2, 2003, until May 1, 2003,[1] which reduced the time during which he was able to prepare his petition for post-conviction relief. He asserts that, if this delay is not counted, the filing of his petition would have been less than one year.

To be entitled to equitable tolling, the Ninth Circuit has held that petitioner must demonstrate, "'*extraordinary* circumstances beyond a prisoner's control'" that made it impossible to file a timely petition. Miranda, 292 F.3d at 1066 (citation omitted). "The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Here, petitioner makes no showing that during the four-month period he was in segregation he did not have any access to law books or legal advice, or that was unable to prepare his case. There are no extraordinary facts presented by petitioner which might suggest that equitable tolling is warranted.

Moreover, plaintiff makes no showing as to the second requisite element--that he acted

---

[1] Petitioner attaches to his Brief in Support a Report from the Corrections Information Systems relating to him, dated March 22, 2007, which indicates that he was in "Segregation" for the time period stated. (Pet'r Brief Ex. 1 at 2.)

diligently in pursuing his rights. The record shows that he did not file his post-conviction petition until November 18, 2003,[2] which was approximately six-and-one-half months after he was released from segregation. Further, his appellate judgment on his post-conviction relief was effective October 28, 2005 (Ex. 117), but he did not file his federal habeas petition in the thirty-five days remaining in the limitations period (according to respondent's representations), but filed his habeas petition almost five months later, on March 20, 2006 (#2).

Petitioner has not satisfied either element to warrant entitlement to equitable tolling in this case.


Alternatively, petitioner contends that his delay in filing his federal habeas petition may be excused by a showing of actual innocence which renders his punishment unconstitutional irrespective of any constitutional error at trial or sentencing–a "freestanding" innocence claim under Herrera v. Collins, 506 U.S. 390 (1993).

In Herrera, the petitioner argued that the Constitution prohibits the execution of a person who is innocent of the crime for which he was convicted. The Court assumed, for the sake of argument, that, "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." Id. at 417. The Court, while not specifying what showing would be required to make out a successful claim, found that the threshold showing for this assumed right would be "extraordinarily high." Id.; Carriger v.

---

[2] The parties both represent that petitioner filed his post-conviction petition on November 18, 2003. The formal petition included in the record indicates that it was prepared in March 2004. (Ex. 105.)

Stewart, 132 F.3d 463, 476 (9th Cir. 1997).

Courts have generally found that Herrera does not apply in non-capital cases. See Henderson v. Campbell, No. C 98-4837 CW (PR), 2007 WL 781966, at *28 (N.D. Cal. Mar. 13, 2007) (citing Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995); Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir. 1993)); Gonzales v. Warren, No. 03-CV-74266-DT, 2005 WL 1348701 (E.D. Mich. Apr. 14, 2005); Love v. Veltri, No. 03-CV-308-DRH, 2006 WL 2850507, at *7 (S.D. Ill. Sep. 29, 2006), aff'd, 247 Fed. Appx. 35 (7th Cir. 2007); Baldine v. Carey, No. Civ S-03-0533 DFL DAD P, 2006 WL 3201255, at *16 n.5 (E.D. Cal. Nov. 2, 2006), adopted by Order, 2007 WL 4239472 (E.D. Cal. Nov. 30, 2007); but see White v. Keane, 51 F. Supp.2d 495 (S.D.N.Y. 1999). However, even if Herrera applies in a non-capital case, the Ninth Circuit has found that the standard contemplated by Herrera is "'extraordinarily high,'" Carriger, 132 F.3d at 476, and "possibly insurmountable," Smith v. Baldwin, 510 F.3d 1127, 1155 n.8 (9th Cir. 2007) (Reinhardt, J., dissenting), petition for cert. filed, __ U.S.L.W. __ (U.S. Mar. 21, 2008) (No. 07-10081). "[A] habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." Carriger, 132 F.3d at 476 (citing Herrera, 506 U.S. at 442-44 (Blackmun, J., dissenting)).

In making his contention of actual innocence, petitioner does not refer to any new evidence offered with his brief, but appears to rely on the evidence in the record submitted to the post-conviction court, citing police reports of interviews with him and his post-conviction proceeding deposition testimony. However, other than his assertion that he is innocent, petitioner offers no *affirmative* evidence of factual innocence of the crime he was convicted of which would satisfy the "truly persuasive demonstration of 'actual innocence'" required by

Report and Recommendation - 5

Herrera which would support a finding that he is probably innocent. Herrera, 506 U.S. at 417. On this record, petitioner's Herrera actual innocence claim fails.

Petitioner also contends that the delay in filing his federal habeas petition may be excused by a showing of a fundamental miscarriage of justice–a "gateway" actual innocence claim under Schlup v. Delo, 513 U.S. 298 (1995).

As respondent points out, neither the Supreme Court nor the Ninth Circuit has held that a Schlup claim of actual innocence overrides the AEDPA's one-year statute of limitations. Majoy v. Roe, 296 F.3d 770, 777 (9th Cir. 2002); Zapata v. Belleque, Civil No. 05-1075-MO, 2007 WL 756715, at *1 (D. Or. Mar. 3, 2007). Respondent argues that the miscarriage of justice exception should not be extended to excuse time-barred petitions. However, this Court agrees with the reasoning of O'Neal v. Lampert, 199 F. Supp.2d 1064, 1066-67 (D. Or. 2002), in which Judge Aiken found that creating an actual innocence exception to the habeas corpus statute of limitations was a logical extension of the well-established rule under Schlup that a habeas petitioner may circumvent a procedural default by a showing of actual innocence. See Singleton v. Belleque, No. Civ. 04-1790-TC, 2007 WL 162514, at *5 (D. Or. Jan. 17, 2007); see also Zapata, 2007 WL 756715, at *1 (addressing Schlup claim on merits assuming that a showing of actual innocence could excuse timeliness bar).

Under Schlup, a claim of actual innocence does not by itself provide a basis for habeas corpus relief, "but instead [is] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup, 513 U.S. at 315. In the context of the miscarriage of justice exception, "actual innocence" means factual innocence and

Report and Recommendation - 6

not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Sawyer v. Whitley, 505 U.S. 333, 339 (1992). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998); see Kuhlmann v. Wilson, 477 U.S. 436, 453 (1986) (the fundamental miscarriage of justice exception applies "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence"). The new evidence does not have to be newly available evidence, just newly presented evidence, that was not introduced at trial. Griffin v. Johnson, 350 F.3d 956, 961-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 673 n.4 (9th Cir. 2002) (en banc). Under Schlup, a petitioner must show that, considering all of the evidence, "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327-28.[3]

As stated above, petitioner does not offer new evidence in addition to that in the record from the post-conviction proceeding, but appears to rely on materials submitted to the post-conviction court. In support of his claim that he is actually innocent, he asserts in his brief that he asserted his innocence prior to his arrest and after his conviction on the no contest plea. The only evidence cited by him in support of his actual innocence claim is his post-conviction deposition testimony, as to which he asserts that he stated that the only reason he gave a

---

[3] Petitioner was convicted as a result of a plea. The Ninth Circuit in Smith, 510 F.3d at 1140 n.9, assumed without deciding that the actual innocence gateway pursuant to Schlup was available to petitioner there who had entered a no contest plea in state court rather than proceeding to trial. See Griffin, 350 F.3d at 961-63 (considering Schlup claim where petitioner had entered guilty plea).

Report and Recommendation - 7

confession is that police threatened him. Petitioner also asserts that he explained that he pleaded no contest only because his trial lawyer told him he had no chance at trial and did not disclose all of the evidence to him; he was advised to enter a plea less than one week after their first court appearance together; the alleged victim had accused others of abusing her before naming petitioner; and there were no other witnesses and no physical evidence to support the case against him.

Other than petitioner's own statements in apparent explanation of why he made statements confessing to the crime of sexual abuse made in the post-conviction proceeding following his plea and conviction, petitioner does not explain how these facts constitute new evidence that was not presented at the time of his plea. See Griffin, 350 F.3d at 963 (medical records in petitioner's possession which were not offered prior to accepting plea bargain constituted newly presented evidence). Nor are these facts new evidence of petitioner's factual innocence, such as the declaration of a witness recanting testimony or physical evidence.

However, even if some of the facts offered by petitioner constitute newly presented evidence not offered at the time of his plea, petitioner must show that, "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. The Schlup Court explained that this standard,

> does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. At 329. Petitioner does not meet this standard. Here, considering all the evidence, the victim identified petitioner as touching her and petitioner confessed to the crime.

**Conclusion**

On this record, petitioner fails to show that he is entitled to equitable tolling of the one-year statute of limitations applicable to filing of federal habeas corpus petitions; and he does not make any showing which meets either the Herrera actual innocence standard or the Schlup miscarriage of justice exception, so as to excuse the untimely filing of his habeas petition. Because petitioner has not timely filed his habeas corpus petition within the AEDPA's one-year statute of limitations, his habeas corpus case should be dismissed.

## III. RECOMMENDATION

Based upon the foregoing, it is recommended that petitioner's amended petition for writ of habeas corpus be denied and this case be dismissed; and that judgment be entered denying the amended petition for writ of habeas corpus and dismissing this case with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on April 17, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  2  day of April, 2008.

                          _____
                          UNITED STATES MAGISTRATE JUDGE